## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ABDELLAH BOUDOUMA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:21-cv-1185** |
| | § | |
| **BOMBARDIER SERVICES** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### COMPLAINT AND JURY DEMAND

Plaintiff Abdellah Boudouma files this *Complaint and Jury Demand* against his former employer, Defendants Bombardier Service Corporation for violation of his Family and Medical Leave Act and other employment rights, and demands a trial by jury. In support of his claims, Plaintiff states the following:

### I. PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is an individual residing in Wylie, Texas.

2.      Bombardier Services Corporation ("Bombardier" or "Defendant") is a foreign for-profit corporation with its principal place of business located at 350 N. Saint Paul Street, Dallas, Texas 75201.

3.      Defendant has been served through its registered agent, C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 based on Plaintiff's federal claims under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq

("FMLA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et. seq., and 42 U.S.C. § 1981. This Court also has supplemental jurisdiction over Plaintiff's THCRA claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper as the events giving rise to this Complaint occurred in the Northern District of Texas, Dallas Division at Defendant's Dallas, Texas Shorts Facility.

## II. FACTS

6.      Plaintiff began working as an Aircraft Mechanic at Bombardier's Dallas, Texas facility on January 28, 2019.

7.      On Thursday February 13, 2020, Plaintiff suffered a workplace injury to his left arm.

8.      Plaintiff reported the injury to his supervisor on February 13, 2020.

9.      Bombardier sent Plaintiff to NOVA Medical Center-DFW Plano for evaluation of his injury.

10.      Plaintiff reported to NOVA Medical Center-DFW Plano on February 13, 2020, at which time the doctor there determined Plaintiff could not use his left hand/wrist, could not lift or carry over 15 pounds, and should use a splint and over-the-counter medication as needed.

11.      Plaintiff's job as an Aircraft Mechanic requires the use of his left hand-wrist.

12.      On Sunday February 16, 2020, Plaintiff e-mailed Operations Supervisor Carl Pitts and informed Mr. Pitts that Plaintiff still had numbness in his lower arm and hand, had lost control of his steering wheel while trying to drive locally resulting in a tire blowout, and was unable to drive to work.

COMPLAINT AND JURY DEMAND                                    Page 2

13.     In that same February 16, 2020 e-mail, Plaintiff provided a completed copy of the initial accident/injury notification form Bombardier had asked Plaintiff to sign, a copy of the restrictions from NOCA Medical Center-DFW Plano, and two photos of his blown-out car tire.

14.     In that same February 16, 2020 e-mail, Plaintiff asked Operations Supervisor Carl Pitt to send any necessary paperwork for Plaintiff to request short-term disability so Plaintiff could allow his hand to fully recovery and to provide a copy of his e-mail to the HR department.

15.     Operations Supervisor Carl Pitts forwarded Plaintiff's e-mail to the HR department on Monday February 17, 2020.

16.     Neither Mr. Pitts nor the HR department notified Plaintiff of his right to request or take Family Medical Leave Act leave ("FMLA leave" in response to Plaintiff's February 16, 2020 e-mail.

17.     Neither Mr. Pitts nor the HR department sent Plaintiff a FMLA eligibility notice in response to Plaintiff's February 16, 2020 e-mail.

18.     Neither Mr. Pitts nor the HR department sent Plaintiff FMLA certification paperwork to take to his doctor in response to Plaintiff's February 16, 2020 e-mail.

19.     Plaintiff was fully eligible to take a FMLA leave of absence for his February 13, 2020 hand injury.

20.     On Wednesday February 19, 2020, Plaintiff sent a follow-up e-mail to Bombardier's HR Director Amy Trujillo informing her that he was still unable to return to work

COMPLAINT AND JURY DEMAND                                                      Page 3

due to his work-related injury, including continued pain and numbness in his hand and his inability to drive the "one hour 40 mile distance from home to work place."

21.     Ms. Trujillo did not notify Plaintiff of his right to request or take FMLA leave in response to Plaintiff's February 19, 2020 e-mail.

22.     Ms. Trujillo did not send Plaintiff a FMLA eligibility notice in response to Plaintiff's February 19, 2020 e-mail.

23.     Ms. Trujillo did not send Plaintiff FMLA certification paperwork to take to his doctor in response to Plaintiff's February 19, 2020 e-mail.

24.     Instead, on February 19, 2020, Ms. Trujillo told Plaintiff over e-mail that he would be "expected to be at work on your normal work shift tomorrow."

25.     Ms. Trujillo further notified Plaintiff that "Each day you are not going to be at work, you must follow the Attendance Policy and call your supervisor, Carl Pitts prior to your scheduled shift to notify him of your absence and discuss how to code your missing hours for that shift (i.e. vacation)."

26.     Ms. Trujillo did not tell Plaintiff he could ask to have his missing time coded as FMLA leave.

27.     Ms. Trujillo did not offer Plaintiff the option to take days off work as a reasonable accommodation for his hand injury.

28.     Ms. Trujillo did not send Plaintiff any paperwork to request days off as a reasonable accommodation for his hand injury.

29.     Ms. Trujillo also did not offer to meet with Plaintiff to discuss potential reasonable accommodations for Plaintiff's hand injury.

COMPLAINT AND JURY DEMAND                                        Page 4

30.     Instead, Ms. Trujillo told Plaintiff he would instead have to meet with the Safety Team as part of "an investigation into the incident that occurred on Thursday 2/13…"

31.     Plaintiff returned to NOVA Medical Center- DFW Plano on February 24, 2020, at which time the doctor continued to restrict Plaintiff from using his left hand, from driving due to safety concerns, and from lifting or carrying more than 16 pounds.

32.     Plaintiff returned to NOVA Medical Center- DFW Plano on March 2, 2020, at which time the doctor continued to restrict Plaintiff from using his left hand, from lifting objects over 20 lbs., and from commercial driving.

33.     On March 10, 2020, Bombardier fired Plaintiff for attendance violations.

34.     Prior to March 10, 2020, Bombardier did not provide Plaintiff any warning that it had been counting his absences against him under the Attendance Policy.

35.     As of March 10, 2020, Bombardier still had not informed Plaintiff of his right to request or take FMLA leave

36.     As of March 10, 2020, Bombardier still had not offered or even discussed with Plaintiff the option of excusing Plaintiff's absences as a reasonable accommodation under the Americans with Disabilities Act.

37.     Plaintiff is Arab-American/Moroccan.

38.     Bombardier treated Caucasian workers with work injuries more favorable than Plaintiff.

39.     At least one Caucasian Aircraft Mechanic who worked at the same facility as Plaintiff was allowed to take a leave of absence for over one month following a work-related injury.

COMPLAINT AND JURY DEMAND                                                      Page 5

40.     That Caucasian worker was not fired after taking the leave of absence following his work-related injury.

41.     Plaintiff dual-filed a Charge of Discrimination against Defendant with the Texas Workforce Commission and Equal Employment Opportunity Commission on April 1, 2019 asserting that Defendant, in addition to violating her FMLA rights, also failed to accommodate his disability and discriminated against him based on his disability and race/national origin,

42.     The TWC Civil Rights Division issue a March 31, 2021 right-to-sue letter issued to Mr. Boudouma after his Charge had been on file for more than 180 days without any investigation taken place, and the EEOC issued a companion right-to-sue letter on May 20, 2021.

43.     Plaintiff timely files this lawsuit within 60 days of the earliest March 31, 2021 TWC Civil Rights Division Right-to-Sue letter.

### III. CAUSES OF ACTION

### FIRST CAUSE OF ACTION - FMLA INTERFERENCE

44.     Plaintiff incorporates the preceding paragraphs of the Complaint into this cause of action.

45.     The FMLA required that covered employers provide eligible employee up to 12 weeks of protected leave from work for serious medical conditions.

46.     Defendant was an employer subject to the requirements of the FMLA under 29 U.S.C. § 2611(4).

47.     Plaintiff was an "eligible employee" under 29 U.S.C. § 2611(2) at the time he required a leave of absence due to his hand injury and inability to use his left hand.

48.     In the year prior to Plaintiff's hand injury, Plaintiff had worked for Defendant for more than one year and for more than 1,250 hours in his preceding year of employment.

49.     Defendant knew from the medical information it received from Plaintiff about his hand injury that Plaintiff's hand injury qualified as a serious medical condition as defined by the FMLA.

50.     Defendant violated the FMLA by failing to notify Plaintiff of his eligibility to request and/or take FMLA leave.

51.     Defendant violated the FMLA by failing to issue a FMLA eligibility notice to Plaintiff.

52.     Defendant interfered with Plaintiff's FMLA rights by failing to count Plaintiff's absences as protected FMLA leave.

53.     Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff for absences that should have been designated as protected FMLA absences.

54.     As a result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff lost his job, his health insurance, his fringe benefits, and the FMLA protections he had earned by working for Defendant for more than one year.

55.     Defendant's interference with Plaintiff's FMLA rights was willful.

56.     As a result of Defendants' violation of the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future).

COMPLAINT AND JURY DEMAND                                                Page 7

57.     Plaintiff respectfully asks the Court and the jury to award him compensation for his actual economic damages, his attorney's fees, his court costs, liquidated damages on account of the willful, intentional, and reckless nature of Defendant's conduct, and any other relief Plaintiff is entitled to under the law.

## SECOND CAUSE OF ACTION – DISABILITY DISCRIMINATION & FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADAA & TCHRA

58.     Plaintiff incorporates the preceding paragraphs of the Complaint into this cause of action.

59.     The Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADAAA") and Chapter 21 of the Texas Labor Code ("TCHRA") requires that covered employers provide reasonable accommodations to employees with disabilities and prohibits employers from discriminating against employees because of their disabilities.

60.     Defendant is an "employer" as defined by the ADAAA and the TCHRA.

61.     When Plaintiff worked for Defendant, he was an "employee" as defined by the ADAAA & TCHRA.

62.     Plaintiff's injury and inability to use his left hand made him a qualified individual with a disability as defined by the ADAAA and TCHRA.

63.     Plaintiff's hand injury substantially limited one or more of Plaintiff's major life activities, including his ability to lift, drive, and work.

64.     Plaintiff request for a temporary leave of absence constitutes a request for a reasonable accommodation.

COMPLAINT AND JURY DEMAND                                                    Page 8

65.     Defendant failed and refused to make a reasonable workplace accommodation to Plaintiff's known limitation, or even engage in the interactive process of determining what would be an adequate or reasonable workplace accommodation, (in violation of the ADAAA and TCHRA).

66.     Providing a reasonable workplace accommodation would not have created an undue hardship on Defendant.

67.     In terminating Plaintiff's employment, Defendants discriminated against Plaintiff because of his actual or perceived disability in violation of the ADAAA and TCHRA.

68.     As a result of Defendants' violation of the ADAAA and TCHRA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future).  In addition, Plaintiff has suffered, and will continue to suffer, emotional pain, anxiety, inconvenience, mental anguish, and other non-pecuniary losses.

69.     Plaintiff respectfully asks the Court and the jury to award him compensation for his actual economic damages, his attorney's fees, his court costs, emotional distress damages, punitive damages on account of the willful, intentional, and reckless nature of Defendant's conduct, and any other relief Plaintiff is entitled to under the law.

## THIRD CAUSE OF ACTION – RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII, TCHRA AND 42 U.S.C. § 1981

70.     Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

71.     Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the TCHRA prohibit employers from discriminated against employees on the basis of race or

COMPLAINT AND JURY DEMAND                                             Page 9

national origin.

72.     42 U.S.C. § 1981 ("Section 1981") also guarantees, among other things, "all persons … the same right … to make and enforce contracts … as is enjoyed by white citizens."

73.     Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the TCHRA.

74.     When Plaintiff worked for Defendant, he was an "employee" as defined by Title VII & TCHRA.

75.     As an Arab-American and Moroccan employee, Plaintiff had the right under Title VII, TCHRA, and Section 1981 to the same terms, privileges, and conditions of employment as white and Caucasian employees.

76.     Defendant intentionally subjected Plaintiff to discrimination with respect to his employment on the basis of Plaintiff's Arab-American/Moroccan race and national origin, including denying him leaves of absences provided to similarly-situated white and Caucasian employees.

77.     Plaintiff would not have been terminated "but for" his race and national origin.

78.     But for Plaintiff's race and national origin, Defendant would have excused Plaintiff's injury-related work absences and granted him leave rather than terminating him for absences under the Attendance Policy.

79.     Defendant intentionally and maliciously discriminated against Plaintiff because of Plaintiff's African-American race, acting with malice and reckless disregard for Plaintiff's constitutional rights guaranteed under Section 1981.

COMPLAINT AND JURY DEMAND                                             Page 10

80.     As a result of Defendants' violation of the ADAAA and TCHRA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future).  In addition, Plaintiff has suffered, and will continue to suffer, emotional pain, anxiety, inconvenience, mental anguish, and other non-pecuniary losses.

81.     Plaintiff respectfully asks the Court and the jury to award him compensation for his actual economic damages, his attorney's fees, his court costs, emotional distress damages, punitive damages on account of the willful, intentional, and reckless nature of Defendant's conduct, and any other relief Plaintiff is entitled to under the law.

## IV. REQUEST FOR RELIEF

Plaintiff prays that this Court grant judgment against Defendant and grant Plaintiff all relief available to him under the Family and Medical Leave Act, Americans with Disabilities Act as Amended, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1981, and Texas Commission on Human Rights Act.

## V. JURY DEMAND

Plaintiff requests a trial by jury on all of his causes of action.

Date: May 24, 2021                                    Respectfully submitted,

                                                      **TREMAIN ARTAZA PLLC**

                                                      /s/ *Christine A. Hopkins*
                                                      Christine A. Hopkins
                                                      Texas State Bar No. 24095768
                                                      christine@tremainartaza.com
                                                      Ashley E. Tremain
                                                      Texas State Bar No. 24066209
                                                      ashley@tremainartaza.com
                                                      13140 Coit Rd., Ste 104

COMPLAINT AND JURY DEMAND                                            Page 11

Dallas, TX 75240
Direct: (469) 573-0297
Fax: (214) 254-4941

**COUNSEL FOR PLAINTIFF**